OPINION OF THE COURT
Ascher Katz, J.
Defendant moves for the return of fingerprints and photo *590 graphs. Motion denied.
Defendant was charged with multiple violations of the Vehicle and Traffic Law, namely, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), unlicensed operation (Vehicle and Traffic Law § 509), driving on the wrong side of the road (Vehicle and Traffic Law § 1126), and uninspected vehicle (Vehicle and Traffic Law § 306 [b]). Defendant submitted to a breath test. The results showed a .09% blood alcohol content (BAG) raising a presumption of driving while ability was impaired by the consumption of alcohol under Vehicle and Traffic Law § 1192 (1), a nonprintable infraction. Defendant had a strong odor of an alcoholic beverage on his breath, glassy bloodshot eyes, staggered as he walked and swayed as he stood. Based on these facts, the arresting officer concluded that the defendant was intoxicated and charged defendant with driving while intoxicated under Vehicle and Traffic Law § 1192 (3), a printable misdemeanor. The police officer performed without unnecessary delay all recording, fingerprinting and other preliminary police duties required under GPL 140.20.
At arraignment, the District Attorney moved to reduce the driving while intoxicated charge from Vehicle and Traffic Law § 1192 (3), a misdemeanor, to Vehicle and Traffic Law § 1192 (1), a traffic infraction. The motion was granted. Had the defendant been charged initially with a violation of Vehicle and Traffic Law § 1192 (1), he would not have been fingerprinted. At the time of the reduction of the charges, the defendant moved orally for the return of the defendant’s photographs and fingerprints with opposition from the District Attorney’s office. A written motion followed.
The defendant urges the return of the fingerprints because upon the reduction of the charge, there was no printable offense pending against the defendant. The People urge that there is no authority for the court to return defendant’s fingerprints and photographs. Neither side has submitted any case authority and the court has found none. The issue appears to be one of first impression.
The court must show sensitivity to the question of the return of fingerprints (see, People v Joseph P., 106 Misc 2d 1075 [1980] [dismissal granted in the interest of justice for conditioning the granting of an adjournment in contemplation of dismissal upon a waiver of the return of fingerprints]). However, no facts nor authority have been shown that the police officer was not justified in effecting the “common law” arrest of driving while *591 intoxicated where the defendant’s appearance and conduct gave indicia of drunken driving. The fingerprinting of defendant following arrest was appropriate.
It is known that a person may be intoxicated and show a breathalyzer reading below .10% BAG. The obverse is true, where a person, who, for example, has imbibed odorless vodka may show a breathalyzer reading as high as .25 and manifest no intoxication with no odor of alcohol on the breath. In either instance a misdemeanor printable charge would lie under Vehicle and Traffic Law § 1192 (3) or (2).
The statutory scheme enacted by the Legislature shows that the accused must have his fingerprints returned upon dismissal in his favor under CPL 160.50, and in the event of a reduction to and conviction of a nonprintable offense, CPL 160.55 requires that the party should be put in the same place as if he or she had been charged with a nonprintable offense initially. Such a defendant would have fingerprints and photographs returned and would not be included in the central files of the Division of Criminal Justice Services. However, the local court disposition would remain unsealed and would show a conviction of a noncriminal offense.
CPL 160.55 contains an amendment effective June 15, 1981, expressly excepting from its provisions the return of the fingerprints and sealing upon convictions for loitering and for driving while ability impaired. This evidences a legislative scheme recognizing that loitering is a recidivist offense and that drunken driving is also a recidivist offense and the retaining of fingerprints is necessary to provide tracking of repeat offenders.
Upon this record the defendant is not entitled to the return of fingerprints and photographs.